J-S48043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT MCCLARY, | : | |
| | : | |
| Appellant | : | No. 3249 EDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0324561-1983

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 16, 2019**

Robert McClary (Appellant) appeals *pro se* from the order entered October 24, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

Appellant "was arrested and subsequently charged in connection with the 1980 fatal shooting of Reginald Short outside a restaurant in South Philadelphia." PCRA Court Opinion, 12/19/2018, at 1. On August 4, 1983, Appellant was convicted of first-degree murder, conspiracy, and possession of an instrument of crime. He was sentenced to a mandatory term of life imprisonment. On March 13, 1987, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. McClary***, 526 A.2d 814 (Pa. Super. 1987)

_____

* Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant filed *pro se* his first PCRA petition on August 20, 1997. Counsel was appointed, and on February 27, 1998, the PCRA court dismissed Appellant's petition. Appellant did not file a notice of appeal to this Court.

Appellant filed *pro se* the instant PCRA petition on September 23, 2016. In that petition, Appellant claimed he became aware of a case, ***Commonwealth v. Barnett***, 121 A.3d 534 (Pa. Super. 2015),[1] by way of a "legal newsletter" on August 7, 2016. PCRA Petition, 9/23/2016, at 8. Appellant goes on to claim that trial counsel was ineffective in his representation of Appellant, and that the trial court erred in its jury instruction. In addition, Appellant argues that the PCRA's timeliness requirements are unconstitutional when their basis is the ineffective assistance of counsel. ***Id***. at 4.

On August 13, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing. In his response, Appellant requested his case be stayed pending the outcome of a then-pending Superior Court case, ***Commonwealth v. Lee***, 206 A.3d 1 (Pa. Super. 2019) (*en*

---

[1] In ***Barnett***, this Court addressed Barnett's ineffective-assistance-of-counsel claims on direct appeal because Barnett waived his right to collateral relief. It is not clear to us how the disposition in ***Barnett*** is related to Appellant's case.

*banc*).[2] Subsequently, on August 27, 2018, Appellant filed an amended PCRA petition, setting forth the **Lee** claim.[3] On October 24, 2018, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, but did file an opinion on December 19, 2018.

On appeal, Appellant claims that the PCRA court erred in dismissing his petition because the trial court erred in instructing the jury, trial counsel was ineffective in his representation, and then argues that the PCRA's timeliness

---

[2] At the time Appellant filed his response to the Rule 907 notice, **Lee** had not yet been decided. On March 1, 2019, this Court held in **Lee** that a criminal defendant who was over the age of 18 when he committed his crime "cannot invoke [**Miller v. Alabama**, 567 U.S. 460 (2012) (holding that a mandatory sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment when imposed upon a defendant who was convicted of murder and was under the age of 18 at the time he committed his crimes),] to overcome the PCRA time-bar." **Lee**, 206 A.3d at 2. In the instant matter, Appellant was 20 years old when he committed these crimes.

[3] We point out that

> [t]he Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be freely allowed to achieve substantial justice, Pa.R.Crim.P. 905(A), but Rule 905 amendments are not self-authorizing such that a petitioner may simply amend a pending petition with a supplemental pleading. Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court.

**Commonwealth v. Mason**, 130 A.3d 601, 621 n. 19 (Pa. 2015) (internal citations and quotation marks omitted).

requirements should not be applied to claims of ineffective assistance of counsel. Appellant's Brief at 5.

"The question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Because Appellant's judgment of sentence became final in 1987, his 2016 petition is facially untimely.[4] Thus, he was required to plead and prove one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1).

Appellant's attempts to comply with these timeliness requirements are woefully deficient. **See** PCRA Court Opinion, 12/19/2018, at 3 ("Despite referencing the statutory time-bar, [Appellant] failed to meaningfully plead and prove any of its exceptions."). His appellate argument, where he claims

---

[4] Appellant's judgment of sentence became final after the expiration of time for filing a petition for allowance of appeal to our Supreme Court after this Court affirmed his judgment of sentence on direct appeal. **See** Pa.R.A.P. 1113 (requiring petition for allowance of appeal to be filed within 30 days after entry of the order from the Superior Court); 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

that "the denial of effective assistance of counsel can be raised at anytime after the one year statute of limitations," is unavailing. Appellant's Brief at 11. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).

Because Appellant has neither pleaded nor proven an exception to the timeliness requirements of the PCRA, the PCRA court was without jurisdiction to consider his substantive claims. Thus, the PCRA court properly dismissed Appellant's petition, and we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/19